KANSAS & TEXAS COAL COMPANY *v*. BROWNLIE.

Opinion delivered June 1, 1895.

*Mine owner—Negligence—Employment of boy as trapper.*

> A mine owner cannot be said to be negligent in employing an experienced and careful boy 14 years old to perform the duties. of trapper in the mine if it is the custom among men of ordinary care and prudence engaged in mining to employ boys of that age in a similar capacity.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

*Clendening, Mechem & Youmans* for appellant.

There is nothing in the law of Arkansas, or in the common law which affords the slightest ground for the presumption that a boy of fourteen is incompetent for duties requiring no special strength, skill or intelligence. On the contrary, the presumption is exactly the other way. 1 Gr. Ev. sec. 367 ; Schouler's Dom. Rel. sec. 398 ; 56 Ark. 232 ; 133 Pa. St. 538 ; 53 Mich. 274 ; 125 N. Y. 737 ; 38 *id*. 481. Not only was there no evidence showing the boy incompetent, but the proof was clear that he was competent, and that it was the custom and usage to employ boys of Murphy's age as trappers, and that they made safe, reliable trappers. So no negligence could be inferred from the mere fact that defendant employed a boy fourteen years old. 3 Wood, Ry. Law, p. 187 ; Wood, Mast. & Serv. sec. 394 ; Bailey, Mast. Liability etc. p. 3 ; 71 Wis. 557; 133 Pa. St. 538 ; 33 Ark. 602 ; 54 *id*. 239 ; 59 *id*. 465 ; 95 U. S. 439 ; 122 *id*. 194. What more convincing proof can be offered that a given act was "what a reasonably prudent person would ordinarily do under the circumstances of the situation" than to show that every one else performs it that way ?

*Adiel Sherwood* for appellant.

It was error to assume as a fact that defendant was negligent simply because a boy of Murphy's age was employed. 61 Tex. 262; 26 S. W. 592; 46 Tex. 365; 38 Mich. 54; 18 Mo. App. 115. Defendant, in selecting its servants, is only held to ordinary care, such care as men of prudence, engaged in like business, are in the habit of using. 54 Ark. 393; 30 Minn. 470; 104 N. Y. 439; 66 *id.* 249; 56 *id.* 7, 8; 77 Pa. St. 286; 46 Ark. 567; 119 Mo. 484; 80 Ga. 755; 23 S. W. 679; 78 Ala. 504; 38 Mich. 546; 36 Ark. 41; 42 *id.* 321; 6 Pet. 715; 75 N. Y. 118; 2 Doug. (Mich.) 37; 85 Mo. 22; 48 Ark. 475.

*Ben T. Duval* and *John H. Pitchford* for appellee.

Appellant seeks to excuse itself of negligence in employing as trapper a boy of Murphy's age and experience, solely on the grounds that other mining companies in this and other States usually employ boys ranging in age from nine to fourteen years for the position of trapper. If the act was negligent (and the question is one of fact, pure and simple), then it was for the jury to say whether or not appellant failed to exercise ordinary care. Custom can not justify a negligent act. Black, Proof and Pldg. Accident Cases, p. 45, sec. 37; 5 Hun, 523; 61 Tex. 3; 7 Mo. App. 358. See, also, 107 U. S. 454, cited and approved in McKinney, Fellow Servants, p. 183-4; 115 Ind. 450. When the facts from which negligence is sought to be inferred are within the experience of all men of common education, the jury must determine the question of negligence. 55 Ark. 598; 53 Cal. 32; 7 Gray, 319; 1 Thompson, Neg. p. 513, sec. 16; 2 *id.* p. 799, sec. 14, note 2; Black, Proof & Pl. Acc. Cases, sec. 39; 50 N. W. 1026.

BUNN, C. J. This is an action instituted and determined in the Sebastian circuit court, Fort Smith dis-

trict, by the appellee, against the appellant company, a corporation organized under the laws of the State of Missouri, and doing business in this State, for personal injuries alleged to have been done to the aforesaid John Brownlie, a minor, by the negligence of the other servants and employees of the appellant company, damages being laid at the sum of $10,000. Judgment for plaintiff for $5,000, and appeal to this court by defendant.

The evidence shows that appellant company, on the 16th September, 1891, was operating a coal mine in Sebastian county in this State, and that, among its employees, were the plaintiff, then aged 17 years; Thomas Murphy, aged 14½ years; John Lewis, John Desper and Walter Rylance, the pit boss. Plaintiff and Lewis were drivers of the mule cars that hauled the coal along the entries extending from the point of mining same to the entrance into the mine. Appellee was driving in the main entry, and Lewis in a side entry. These entries, or underground roads, intersected before the incline that led out and up to the surface, and at this point of intersection there was a door across the mouth of the side track, which could be closed so as to shut off the air or let it through. And it was also used to cut off the passage of the cars; that is to say, when the door was closed across the entry, the cars stopped before reaching it. The cars along the main track, on this occasion driven by appellee, had ordinarily the right of way, that is to say, without a signal to stop, they moved on; while the cars on the side entry or track never approached the point of intersection without a signal to do so. To the driver of this entry, the opening of the door is the signal to advance, and the closing of the same was a signal to stop. Another signal consisted in the motion of a lantern in the hands of a person whose business it was to open and close the door, both for the passage and stoppage of the cars, and also for the ventilation of the mines.

This duty was at the time of the alleged injury performed by Thomas Murphy, and his business was denominated that of trapping, and he was called a trapper.

On the 16th September, 1892, appellee was driving his loaded car from the coal pit on the main track towards the entrance, and received no signal from trapper Murphy to stop before reaching the point of intersection; and at the same time Lewis was driving his loaded car towards the point of intersection, and by some failure to give proper signals, or some misunderstanding of them, if such were given, the two cars collided, and, before the actual collision took place, and seeing the same was inevitable, appellee jumped from his car to the ground on the opposite side from the other car, and, the collision occurring at this moment, appellee was jammed between his car and the wall of the entry, and his leg was broken, his car being thrown towards the wall by the momentum of the other car striking against it at a considerable angle.

The complaint contains several charges of negligence on the part of the appellant company, resulting in the injury, but these were all finally eliminated except that *the appellant company was negligent in employing Murphy, a boy of fourteen and a half years, to perform the special duties of trapper, at the particular place named above,* the trial court having instructed the jury without objection that, plaintiff and Murphy being fellow servants, negligence of the latter occasioning the injury would not of itself make the defendant company liable; and, further, that there was no evidence showing that Murphy was incompetent or careless in trapping, unless such deduction might be drawn from his age.

The evidence goes to show that Murphy was a competent and careful trapper, with several years' experience in various kinds of work in coal mines, and of some considerable experience in the business of a trapper

in mines where the work and duty of the same were not materially different from the work and duty at this mine, and that the work required no great or special qualification ; and, on the contrary, that it was a universal custom among owners and companies working mines to employ boys from 12 to 14 years of age as trappers, and that experience had shown that they were as efficient in that sphere as older persons—at least that their employment was practically satisfactory to all engaged in the business of coal mining.

Under this state of the evidence, appellant contends that it was not guilty of a want of ordinary care in selecting the boy Murphy to perform the duty of trapper in this mine ; that ordinary care is such care as men of prudence and care engaged in a like business are accustomed to exercise and do exercise. Appellant says that what all men engaged in this business are in the habit of doing, and, thus doing, have found to be reasonably safe and satisfactory, is the best, if not the only, criterion by which the character for care and prudence of any one in the business ought to be judged. We know of no way of determining what ordinary care is except to ascertain what men of ordinary care and prudence, engaged in a similar business on their own account, and for their own profit and success, are in the habit of doing ; and we do not see that appellant was guilty of negligence in employing Murphy to do this work.

Reversed and remanded.