PATTERSON *v.* ROETZEL & CHIPMAN.

Opinion delivered February 23, 1914.

1. APPEAL AND ERROR—INSTRUCTIONS—GENERAL PRAYER.—It is not error to refuse a general prayer for an instruction on the issue of contributory negligence, where the prayer is covered by instructions already given. (Page 542.)

2. CONTRIBUTORY NEGLIGENCE—GENERAL PRAYER.—In an action for damages for personal injuries caused by defendant's negligence, a request by plaintiff for an instruction that "if the plaintiff acted as a reasonably prudent person would have acted under the same circumstances, he was not guilty of contributory negligence," is a request for a general instruction on the subject, and was properly refused. (Page 542.)

3. CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.—It is not error to charge the jury that plaintiff must establish the negligence of the defendant, and to define contributory negligence in the same instruction, when the court did not tell the jury that the burden was upon plaintiff to free itself of the charge of contributory negligence. (Page 543.)

4. CONTRIBUTORY NEGLIGENCE—HOW PROVED.—Contributory negligence may be established from the proof offered by the plaintiff, without any proof offered by defendant on that issue. (Page 544.)

5. APPEAL AND ERROR—INSTRUCTIONS—SPECIFIC OBJECTIONS.—Objectionable language in an instruction must be objected to specifically. (Page 544.)

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver,* Judge; affirmed.

The appellant sued the appellees to recover damages for personal injuries sustained by him when the horse that he was riding fell into a trench dug by the appellees in the town of Osceola.

The appellees were contractors, engaged, under a contract with the sewer commissioners of the town of Osceola, in putting in a sewer system. Among other things, it was provided in the contract that the contractor "shall take all necessary precautions to prevent injury to the public, or to his workmen, or to stock, such as providing crossing plank, fencing off his work, keeping lanterns burning at night, etc., he shall hold the board harmless against all claims for damages."

The complaint alleged negligent acts on the part of appellees, which are specifically set forth in detail in the complaint, to the effect that certain excavations made by the appellees along Elm Street and especially at the intersection of Hale Avenue and Elm Street, were improperly filled and permitted to remain in a dangerous condition, without barriers and guards, and without a warning light for the protection of the public; that the appellant was riding horseback, and while attempting to cross the trench dug by appellees, the horse which he was riding stepped with his forefeet upon the earth with which the trench was filled, when same suddenly gave way, causing the horse's feet and legs to sink into the trench up to his body and neck, which resulted in throwing appellant from the horse and causing the injuries of which he complained.

The appellees denied the material allegations of the complaint, and set up contributory negligence on the part of appellant.

There was testimony introduced on behalf of the appellant tending to sustain the allegations of his complaint, and there was also testimony tending to sustain

the allegations of the appellee's answer. The issues of negligence and contributory negligence were submitted to the jury upon instructions given by the court. After defining the issues, the court, among others, gave of its own motion, the following instructions:

"3. The burden of proving negligence rests upon the plaintiff, and, in this case, if you find from a preponderance of the evidence that defendants were negligent in failing to fill the excavation made by them at the intersection of Hale Avenue and Elm Streets in the city of Osceola, and thereby make the same in the same condition as it was prior to the making of the excavation, and further find from the evidence that such place was for said reason a dangerous place, and that it was left by defendants without barriers or guard or warning lights, and that plaintiff, while in the exercise of ordinary care for his own safety, rode his horse into such dangerous place, causing him to be thrown from said horse and to sustain a broken arm, and find that the negligence of defendants was the proximate cause of the injury, your verdict should be for the plaintiff."

"4. By ordinary care is meant that degree of care which a reasonable and prudent person would exercise under similar circumstances."

"6. Contributory negligence is the want of ordinary care of a person for his own safety, but for which, taken in connection with the negligence of the party sought to be charged, the injury would not have occurred. The duty to prove contributory negligence devolves upon the defendants unless such facts sufficiently appear from the testimony on the part of the plaintiff."

And in the seventh instruction, the court told the jury: "If you further find from a preponderance of the evidence that but for the failure on the part of the plaintiff to exercise ordinary care for his own safety, the injury would not have occurred, or that such failure to observe such degree of care on his part in any degree contributed to his injury, your verdict should be for the defendants."

The eighth instruction told the jury that, "No one of these instructions can declare the whole law of this case, and no one of them undertakes to do so, and, consequently, no one of them is any more the law or of any more importance than any other one of them. You are to read and consider such instructions as a whole."

The appellant requested the court to instruct the jury as follows: "If the plaintiff acted as a reasonably prudent person would have acted under the same circumstances, he was not guilty of contributory negligence." The court refused this prayer, and appellant duly saved his exceptions. The appellant also excepted to the ruling of the court in giving instruction No. 3, and these are the assignments of error which he urges as grounds for a reversal of the judgment. The verdict and judgment were in favor of the appellees.

*J. T. Coston,* for appellant.

1. The law is settled in this State that a litigant is entitled to have any issue of the case submitted to the jury under a specific instruction; and, even though the same point may be covered in a general way by other instructions, it is error for the court to refuse to give a specific instruction, when requested to do so. 62 S. W. (Ark.) 64, 65; 97 S. W. (Ark.) 285; 102 S. W. (Ark.) 695; 38 Cyc. 1719; 105 Fed. 54; 3 S. E. 262; 15 N. W. 855; 50 S. W. 126; 35 S. W. 1059; 115 S. W. 198; 55 S. E. 416; 67 N. E. 409.

2. The court's instruction No. 3 is erroneous in that on the issue of contributory negligence, it places the burden of proof on the plaintiff, instead of the defendants. 58 Ark. 130, 131. The court's other instruction to the effect that, "The duty to prove contributory negligence devolves upon the defendant," does not relieve the situation, for it is in direct conflict with instruction 3, which the jury evidently followed, for contributory negligence was the crucial point in the case. 1 Bashfield on Instructions, § § 76, 77, 78; 147 S. W. (Ark.) 90.

*Appellees pro se.*

When instruction 3 is considered in connection with instruction 6 and the other instructions given, as it should be, there is no foundation for the contention that it placed the burden of proof on the plaintiff as to contributory negligence.

We think the instructions clearly define the law on the question of negligence, as also the law as to the burden of proving the same. Cooley on Torts, § 809; Sackett on Instructions to Juries, § 255; 26 Ind. 370; 81 Ill. 590; 50 Mo. 461; 87 Ark. 396; 38 Cyc. 1784; *Id.* 1786; 80 Ark. 440. It is not error to refuse a requested instruction which is covered by instructions already given. 104 Ark. 59; *Id.* 423; 103 Ark. 509; 102 Ark. 460.

Wood, J., (after stating the facts). The court did not err in refusing to grant appellant's prayer for an instruction telling the jury that, "If the plaintiff acted as a reasonably prudent person would have acted under the same circumstances, he was not guilty of contributory negligence." This prayer was fully covered by instructions which the court gave on the issue of contributory negligence. This prayer did not set forth the particular facts and circumstances in evidence tending to show that appellant was not negligent. So, then, the prayer could not be properly designated as one for a specific instruction on the issue of contributory negligence. On the contrary, it was but a general prayer for an instruction on that subject.

The authorities upon which appellant relies, to the effect that it is error for a trial judge to refuse to give a specific instruction correctly and clearly applying the law to the facts in the case, even though the law is in a general way covered by the charge given, are not applicable.

If the appellant had requested an instruction in which his acts, as shown by the evidence, were specifically set forth, and the facts and circumstances detailed, and had he then requested the court to tell the jury that if they believed a reasonably prudent man would have acted the same way under the same circumstances, this would

have been a specific prayer for instruction on the issue of contributory negligence. But the prayer as offered was no more specific than the instructions on the subject which the court gave.

The court did not err in giving instruction No. 3. This instruction did not place the burden on the appellant to show that he was not guilty of contributory negligence. The first part of the instruction correctly told the jury that the burden of proving the alleged negligent acts rendering appellees liable in damages was on the appellant, but there is nothing in the instruction which tells the jury that the plaintiff must show by a preponderance of the evidence that he was free from contributory negligence before he was entitled to recover.

In *Jones* v. *Malvern Lumber Co.,* 58 Ark. 130, which appellant relies on, the erroneous prayer told the jury that in order to find for the plaintiff, they must be satisfied by a preponderance of the evidence * * * that the plaintiff was free from contributory negligence on his part. That part of the instruction challenged in the present case was not intended to place the burden upon the plaintiff to show that he was free from contributory negligence, and when fairly construed in connection with what precedes it in the same instruction, and in connection with the other instructions, we are of the opinion that the instruction was not calculated to confuse and mislead the jury. The court only intended by that part of the instruction objected to, to tell the jury that if they found from the evidence, "that plaintiff, while in the exercise of ordinary care for his own safety, rode his horse into such dangerous place, causing him to be thrown from said horse, etc., that their verdict should be for the plaintiff." This language did not undertake, and was not intended, to tell the jury that the burden was on the plaintiff to prove that he was free from contributory negligence. It was not on the burden of proof.

The court told the jury in instruction No. 6 that, "The duty to prove contributory negligence devolves upon the defendants, unless such facts sufficiently appear

from the testimony on the part of plaintiff.'' The law is well established that if contributory negligence is established by the evidence adduced on the part of the plaintiff, that it is not necessary then for the defendant, in order to prevent recovery, to further prove contributory negligence.

In *Jones* v. *Malvern Lumber Co., supra,* the court, through Mr. Justice Mansfield, said: ''But the instruction quoted, by its terms places the burden upon the plaintiff, and requires him to prove by a preponderance of the evidence, not only the negligence charged in the complaint, but also as a further fact essential to his recovery, the absence of negligence on his part contributing to the injury. Such is the obvious import of the language used, and we are unable to find in the rest of the charge a reason for believing that it was intended to have any other meaning.'' But, in the present case, the court clearly declares that the burden of proving contributory negligence was on the defendants, and that part of the instruction to which objection is made, when considered in connection with this portion of the charge, is certainly not in conflict with it, and should not be construed in that sense in the absence of language so clear and express as to make such construction imperative.

The objection which the appellant made to the instruction was general, and it was his duty, if he conceived the instruction to have the meaning for which he now contends, to have called the court's attention to it by a specific objection. If the court's attention had been thus directed to the language to which appellant objects, and appellant had requested the court to correct the instruction so as to conform to his views as now expressed, the court doubtless would have granted his request.

Finding no error, the judgment is affirmed.