PATTERSON *v.* RISHER.

Opinion delivered April 12, 1920.

1. JUDGMENT—RECOVERY AGAINST JOINT TORT-FEASORS.—In actions against joint tort-feasors, where a joint relationship is alleged and also the doing of negligent acts jointly constituting a tort from which the injury resulted, there may be a recovery against one or all of the defendants; against all if the proof shows their joint connection in the tort, or against any one whose participation is proved.

2. MASTER AND SERVANT—LIABILITY OF MASTER FOR ACTS OF SERVANT.—Where a master jointly with its servant is sued for an injury to a coservant, the injury being alleged to be proximately caused by the servant's negligence, it was not error at plaintiff's request to refuse to instruct that the jury might find for or against either defendant, as if there was no negligence of the defendant servant, there could be no liability on the part of the master.

3. APPEAL AND ERROR—INVITED ERROR.—Where plaintiff asked that instructions on the issues of contributory negligence and assumed risk be given to the jury, and the instructions were given, he can not on appeal complain that the issues were improperly submitted.

4. MASTER AND SERVANT—INSTRUCTION UNRESPONSIVE TO COMPLAINT.—Where a complaint against a coal company and others alleged that it was the duty of the mine foreman to use ordinary care to furnish deceased employee a safe place to work, plaintiff's prayer for instruction that it was the duty of the coal company to furnish such a place was properly refused as being unresponsive to the complaint.

5. MASTER AND SERVANT—BURDEN OF PROVING NEGLIGENCE.—In an action for death of a servant, the burden is on the plaintiff to show negligence.

6. MASTER AND SERVANT—INSTRUCTIONS ON DUTY TO WARN.—In an action for death of a mine employee, requested instructions that it was the duty of the master to warn the employee of patent as well as latent dangers if on account of inexperience he did not appreciate the dangers, were properly refused where there was no evidence that decedent was not warned, or that he was ig- by one already given at plaintiff's instance will not be ground norant of the dangers of the service.

7. TRIAL—REPETITION OF INSTRUCTIONS.—It is not incumbent on the court to repeat at the instance of either party declarations of law already announced; and the practice is not to be commended.

8. APPEAL AND ERROR—HARMLESS ERROR.—The fact that the court at defendant's instance gave an instruction which was covered for reversal where no prejudice appears.

9. TRIAL—INSTRUCTION—SPECIFIC OBJECTION.—A party objecting to an instruction not inherently erroneous should direct the court's attention to the particular error and thus give an opportunity for correction.

10. MASTER AND SERVANT—ORDINARY CARE.—The test of ordinary care required of a mining company in relation to its employees is not what other men of ordinary care and prudence are in the habit of doing, but what a reasonably prudent person would ordinarily have done under the particular circumtsances.

11. APPEAL AND ERROR—HARMLESS INSTRUCTION.—Where the undisputed testimony showed that it was customary among miners to employ as trappers boys of the age of the employee whose death was sued for, an erroneous instruction, at defendant's request, that the test of ordinary care required of defendant mining company was what other men of ordinary prudence in similar business was in the habit of doing was not prejudicial to plaintiff-administrator.

12. APPEAL AND ERROR—HARMLESS INSTRUCTION.—An erroneous instruction as to the exercise of ordinary care in the employment of servants was harmless where there was no evidence tending to prove negligence in their selection.

13. APPEAL AND ERROR—ERROR NOT INCLUDED IN MOTION FOR NEW TRIAL.—Alleged error in giving a certain instruction can not be considered on appeal where it was not made one of the grounds of plaintiff's motion for new trial.

Appeal from Sebastian Circuit Court, Greenwood District; *Paul Little,* Judge; affirmed.

*R. W. McFarlane* and *J. V. Walker,* for appellant.

1. This cause should be reversed because the plaintiff was forced to try the case on an improper theory. The counsel for defendants took the position that there could be no recovery against any one of defendants unless the recovery was against all the defendants. Counsel for plaintiff undertook to meet and correct this theory by requesting the court to instruct the jury that they might find the issues for or against any one or more or all of the defendant as might be warranted under the law and evidence, and the court erred in refusing instruction No. 24. Kirby & Castle's Digest, § 7669; 1 Cooley on Torts (3 Ed.), pp. 223, 227; Webbs' Pollock on Torts, 230; 93 N. W. 565; 164 U. S. 393; 59 S. W. 920; 1 Cooley on Torts, 244-247; 56 N. J. L. 34; 32 Atl. 90, *Fellman* v. *Ryson,* 28 Atl. 669; 1 Sutherland on Dam. (3 ed.), p. 362, par. 140. A recovery may be had against one or all the defendants as the law and evidence justify. 10 Wend. 654; 20 S. E. 336; 10 Ark. 201; 93 *Id.* 521.

2. The evidence does not show either contributory negligence or assumed risk, and therefore the enquiry was narrowed down to the question of negligence on part of defendants. The testimony is undisputed that deceased was not at fault, and the question of contributory negligence passes out of the case.

3. The court erred in refusing instruction No. 15 for plaintiff. This is elementary law and needs no citations.

4. It was error to give No. 16 for plaintiff. 115 Ark. 380; 90 *Id.* 473; 97 *Id.* 180.

5. For the reasons and authorities above given the court erred in refusing Nos. 17 and 18 for plaintiff.

6. Having fully covered the phase of the case it was improper to reiterate and re-emphasize declarations of law and it was error to refuse No. 23 asked for plaintiff and in giving Nos. 4, 9 and 18 for defendant. 104 Ark. 495; 77 *Id.* 567; 14 *Id.* 530; 36 *Id.* 641; 54 *Id.* 336; 37 *Id.* 580.

*Pryor & Miles*, for appellees.

1.   There is no motion for new trial in the printed abstract of appellant.   27 Ark. 506; 114 *Id.* 415; 119 *Id.* 175.   Objections made for the first time on appeal are unavailing.   123 Ark. 66.

2.   There is no error in the instructions.   Kirby & Castle's Digest, § 7669; 164 U. S. 393; 154 Cal. 420; 23 Wash. 710; 161 Pac. 21; 171 Iowa 624; 150 *Id.* 27; 165 Iowa 625; 90 S. E. 183; 177 Pac. 871; 160 *Id.* 51.

3.   If the court erred in the instructions as to contributory negligence and assumed risk, it was invited error and appellant can not complain.   82 Ark. 105; 106 *Id.* 138.

4.   No proper objections were saved to the giving of the instructions objected to.   38 Ark. 528; 119 *Id.* 179; 106 *Id.* 315; 111 *Id.* 538.

5.   Instruction 16 is copied from the law announced in 60 Ark. 582.   See also 105 Ark. 392.

6.   There was no error in giving No. 18 for defendant.   The law is well settled.   203 Fed. 644; 100 Ark. 86; 90 *Id.* 485; 25 Ann. Cas., p. 526.   None of the errors assigned were brought to the attention of the court by special objections.

WOOD, J.   This is an action brought by the plaintiff below, appellant here, as administrator of the estate of James Patterson, deceased, against the defendants below, appellees here, to recover damages alleged to have accrued to the estate of James Patterson and also to the appellant as the father and next of kin by reason of the suffering and death of James Patterson, caused by the alleged negligence of appellees.

The complaint alleged in substance that W. H. Risher was the superintendent of mine No. 6 for the Central Coal & Coke Company; that it was his duty to warn and instruct all young or inexperienced employees as to their duties and the dangers of their employment; to see that proper appliances were furnished to subordinates and to employ competent servants.

That defendant Porter was mine foreman, whose duty it was to exercise ordinary care to furnish the deceased a reasonably safe place in which to work; that defendant Kiger was driver boss, whose duty it was to secure skillful drivers under the approval of the mine foreman and to secure and place trappers to open and close the doors in the different haulage ways in the mine, that defendant Hubbard was a coal digger and that on the day the deceased was injured the regular driver did not work and defendant Kiger put Hubbard to driving on the entry where the deceased was at work.

That on the day of the injury, September 22, 1917, James Patterson was a minor, seventeen years of age, which fact was known to the defendants; that he had no experience as a trapper and did not know the dangers of that employment, which fact was known to the defendants; that at the direction of the defendants, Kiger took the deceased out of the room and directed him to perform the duties of trapper; that John Kiger put defendant Hubbard, who was an ignorant and unskilled driver, to driving on that entry where deceased was trapper; that Hubbard drove an empty car up to room No. 20 on fifth east entry where deceased was working, when, on account of defective hitching or being negligently hitched to the car, the mule pulling the car became detached from the car, and that the driver, instead of spragging the car to prevent it from running down the entry, took after the mule; that the car ran down the entry and against the door and knocked a large prop against which the door closed out of place; that the prop and door were hurled against deceased, crushing his head and mangling him; that from the injuries thus received James Patterson continued in intense pain until April, 1918, when he died; that without fault or carelessness on his part deceased was injured by the defendant, and each of them in taking the deceased, a youth of seventeen years, without experience, and putting him in a place of danger, and by not using ordinary care by furnishing him a reasonably safe place in which to work without special instructions as to

the danger, and by putting an ignorant and reckless driver on that entry and by not furnishing safe hitching for the car and by failing to securely sprag the car when the mule became separated from it.

The defendants answered, denying all the material allegations of the complaint and setting up the affirmative defenses of contributory negligence and assumed risk.

There was a jury trial which resulted in a verdict and judgment in favor of the appellees. From which judgment is this appeal.

Among other prayers for instructions the appellant asked the court to instruct the jury as follows: "No. 24. You are instructed that you may find the issues in this case for or against any one 'or more or all of the defendants as you may feel yourselves warranted under the law and the evidence before you."

The court refused this prayer, and appellant duly excepted to the ruling and insists here that this was error for which the cause should be reversed.

Section 6229 of Kirby's Digest is as follows: "Judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants."

It will be observed from the allegations of the complaint that the appellant does not seek to hold the appellee Coal Company liable as a joint tort feasor because of its independent participation through superior officers in the alleged negligent acts of the other appellees which it is asserted, caused the injury to and death of James Patterson. But under the allegations of the complaint liability against the appellee Coal Company is predicated solely upon the alleged negligence of its servants and agents for which the appellee company would be liable, if at all, under the doctrine of *respondeat superior*. In actions against joint tort feasors where a joint relationship is alleged and the doing of negligent acts jointly constituting a tort from which the injury results, and where the proof sustains these allegations, there may be a recovery against one or all of the defendants, against all,

if the proof shows their joint connection in the tort, or against any one of them if the proof warrants a finding of his participation in the tort. Such was the case in *Atl. & Pac. Rd. Co.* v. *Laird,* 164 U. S. 393-400, where it is said: "It follows that allegations alleging a joint relationship and the doing of negligent acts jointly are divisible, and that a recovery may be had where the proof established a connection of but one of the defendants with the acts averred."

The above is also the doctrine of the other authorities referred to in the brief of learned counsel for the appellant, among them *Roach* v. *Rector,* 93 Ark. 521, where it is held (quoting syllabus): "In a case of wrongful conversion of property by several persons the law permits an action and a recovery against all the wrong-doers or against any number less than the whole."

But this doctrine had no application to the facts alleged in the pleadings and developed in the testimony in this case. California has a statute similar to section 6229 of Kirby's Digest, *supra.* The Supreme Court of California in *Bradley* v. *Rosenthal,* 154 Cal. 420, held (quoting syllabus) that: "Where a recovery is sought in an action against a principal and his agent based upon the act or omission of the agent which the principal did not direct and in which he did not participate and for which his responsibility is simply that cast upon him by law by reason of his relationship to the agent, a judgment in favor of and exonerating the agent generally *ex proprio vigore* relieves the principal of responsibility and may be availed of by the principal for that purpose." See also to the same effect, *Fimple* v. *So. Pac. Ry. Co.,* 177 Pac. 781; *Doremus* v. *Root,* 23 Wash. 710. In the last case it is held (quoting syllabus) that: "If negligence of the servant was not personally participated in or aided by some negligent act of the master independent of the act of the servants the verdict acquitting the servant necessarily acquits the master."

Now, under the allegations and proof in this record, if there was no negligence on the part of the servants of

the appellee Coal Company, which was the proximate cause of the injury to and death of appellant's decedent, and for which none of them were liable, then neither could the appellee Coal Company be held liable. Because, as already stated, there could be no liability of the appellee Coal Company independent of the acts of its servants which the appellant alleges were the proximate cause of the injury. *Hobbs* v. *Ill. Cent. Ry. Co.*, 171 Iowa 624; *C., R. & P. Ry. Co.* v. *Reinhart* (Okla.), 160 Pac. 51; *Thompson* v. *So. Pac. Ry. Co.*, 161 Pac. 21-5; *Jones* v. *So. Pac. Ry. Co.*, 90 S. E. 183. See, also, *White* v. *International Text Book Co.*, 150 Iowa 27; *Dunshee* v. *Standard Oil Co.*, 165 Iowa 625.

The court, therefore, did not err in refusing appellant's prayer for instruction No. 24, as the same was not applicable to the issues and was, therefore, calculated to confuse and mislead the jury.

There was no evidence to warrant the submission to the jury of the issues of contributory negligence and assumption of risk on the part of the appellant's decedent. The appellant, however, in prayers for instructions asked that these issues be submitted to the jury, and there prayers were granted by the court. The appellant, therefore, is not in an attitude to complain, as the error was one which he invited. *St. L., I. M. & S. Ry. Co.* v. *Smith*, 82 Ark. 105-14; *Prairie Creek Coal Mining Co.* v. *Kittrell*, 106 Ark. 138.

The appellant contends that the court erred in refusing his prayer for instruction telling the jury that it was the duty of the defendant Coal Company to exercise ordinary care to furnish James Patterson a safe place in which to work. The allegation of the complaint was that it was the duty of Joe Porter, an employee of the Coal Company, in charge of the underground working force to use ordinary care to furnish Patterson a safe place to work. Appellant's prayer, therefore, was not responsive to the allegation of the complaint, and under the rule above announced was calculated to confuse and mislead the jury.

The appellant insists that the court erred in refusing prayers for instructions telling the jury in effect that it was the duty of the employer of Patterson to warn him of patent as well as latent dangers if they found by reason of his youth and inexperience he did not know of and appreciate the dangers connected with the duties he was performing at the time of his injury.

There was testimony tending to show that James Patterson "was going on nineteen years of age" at the time of his injury; that he had trapped in the mine one day before the day on which he was injured. It is not shown that he had not trapped before that day in other mines. The appellant adduced no testimony to prove that James Patterson was not instructed as to his duty as trapper and warned of the dangers connected therewith. The burden was upon the appellant to show negligence. There was testimony adduced on behalf of the appellee tending to prove that the duty of the trapper was to open and close the door for the drivers and men passing back and forth; that trapping is usually the first work that a boy does in the mine. One witness testified that he began working in a coal mine as trapper at ten years of age, another at the age of fourteen years; that there was not as much danger in connection with that position as working in one of the rooms; "that every man that has worked in a coal mine for any length of time knows the incline in there and knows that cars are likely to get away, that is an every-day occurrence."

The court did not err in refusing to grant the above prayers. The appellant adduced no evidence to warrant the granting of these prayers.

The appellant also urges that the court erred in granting several of appellees' prayers for instructions. Among these was prayer No. 24 as follows: "The court charges you that under the law no presumption arises from the mere happening of an accident and that the burden of proof is upon the plaintiff to establish the alleged negligence of the defendants by a preponderance of the evidence."

Appellant concedes that this was a correct declaration of the law, but insists that the court erred in granting it at the instance of the appellee because the court had already covered the subject-matter of the instruction in instructions given at the instance of the appellant.

While it was not incumbent upon the trial court to repeat at the instance of either party declarations of law already announced, and while this is a practice not to be commended, yet it can not be said that any prejudice resulted to the appellant by granting a prayer at the request of appellee which had already been substantially covered in instructions granted at the instance of the appellant. There was some difference in the verbiage of the instructions, and besides the mere repetition of the same idea in instructions is not necessarily prejudicial error. It was not so here. Moreover, the instruction was not inherently erroneous, as appellant concedes. The appellant did not offer any specific objection to granting the prayer. The party objecting to an instruction should state his ground so as to direct the court's attention to the particular error and give it an opportunity to correct the same. *Atkins* v. *Swope,* 38 Ark. 528; *Rittenhouse* v. *Bell,* 106 Ark. 315; *Patterson* v. *Roetzel,* 111 Ark. 538; *Huckaby* v. *St. L., I. M. & S. Ry. Co.,* 119 Ark. 179.

At the request of the appellees the court granted the following prayer for instructions: "No. 16. The court instructs you that all the law requires of a mining company is the exercise of ordinary care in the employment of its employees, and the test of ordinary care is what other men of ordinary care and prudence engaged in similar business are in the habit of doing."

There was a general objection to this prayer and an exception to the ruling of the court in granting same.

The prayer for instruction was couched in the language used by this court in *Kansas & Texas Coal Co.* v. *Brownlie,* 60 Ark. 582-6, where in concluding the opinion we said: "We know of no way of determining what ordinary care is except to ascertain what men of ordinary care and prudence, engaged in a similar business on their

own account, and for their own profit and success, are in the habit of doing.

It will be observed that the instruction made the test of ordinary care in this case depend upon what men of ordinary care and prudence engaged in a similar business are in the habit of doing.

The language in the opinion quoted from *Coal Co.* v. *Brownlie, supra,* is too broad and is not an accurate statement of the law. The statement of the law in this opinion is in conflict with what we said in the more recent case of *Oakleaf Mill Co.* v. *Littleton,* 105 Ark. 392-400. "But the controlling test of reasonable care is not what has been practiced by others in like situation, but what a reasonably prudent person would ordinarily have done in such a situation. A bad custom may have grown up through ignorance or selfishness. * * * What was the custom of others under like conditions and circumstances is evidence of what a reasonably prudent man would ordinarily do, but it is not conclusive evidence of that fact."

The law as announced in the latter case is correct. The cases can not be distinguished on the facts and hence the former case is overruled by the latter. See also *Y. & M. V. R. Co.* v. *Hill,* 141 Ark. 378.

The instruction complained of is not in conformity with the rule announced in the case of *Oakleaf Mill Co.* v. *Littleton, supra.* It is inherently defective because its effect was to make the test of the ordinary care required of the appellees, in order to free them from the charge of negligence, depend upon whether or not in the employment of its employees they had pursued the same course that men of ordinary care and prudence engaged in similar business were in the habit of doing.

The giving of the instruction in this form, however, although erroneous, was not prejudicial, for the reason that the undisputed testimony on the part of the appellees shows that it was the custom to employ boys of the age of James Patterson, and even younger, as trappers in coal mines.

There was no testimony adduced on the part of the appellant tending to show that such was not the custom or that the custom itself was one which men of ordinary care and prudence engaged in similar business would not or should not have conformed to.

Nor was there any evidence tending to prove that the appellee company was negligent in employing the negro driver, Hubbard. There is no testimony to prove that driving of a mule in a mine required any special talent or skill to successfully perform such service. It will be noted that the instruction No. 16 was with reference to the duty of the company "in the employment of its employees."

The question, therefore, in this particular instruction was not as to whether the company was negligent in not properly instructing its employees as to their duty and warning them of the danger, etc., but it was directed solely to the question as to whether the appellee company was negligent in the employment of its employees. In the mere matter of employing, in the absence of proof tending to show that it was negligence *per se* to employ a negro driver or that the work was of such character as to require the services of one having special skill and experience as a driver, it can not be said that there was any testimony in the record to warrant a finding that the appellee company was negligent in employing the negro, Hubbard, as driver.

It, therefore, affirmatively appears that no prejudice resulted to appellant in the giving of instruction No. 16.

Appellant contends that the court erred in granting appellees' prayer for instruction No. 18, but this ruling of the court was not made one of the grounds of the motion for new trial and, therefore, we can not consider it. *Prairie Creek Coal Min. Co.* v. *Kittrell*, 106 Ark. 138, and other cases in 1 Crawford's Digest, Appeal & Error, 181.

The case upon the whole record is free from prejudicial error. The issue as to the negligence of the appellees was fairly and fully submitted to the jury. This issue was one of fact for the jury. Affirmed.