Bank of Altus v. Burrow.

Opinion delivered October 22, 1928.

J. D. Benson, for appellant.

G. C. Carter and Starbird & Starbird, for appellee.

Humphreys, J. Appellant brought suit in the circuit court of Franklin County, Ozark District, against appellee, to recover $4,909.88 and interest thereon from the 4th day of January, 1927, at the rate of 8 per cent. per annum, which amount was a balance alleged to be

due on a $5,000 note executed by appellee to appellant on October 15, 1925.

Appellee filed an answer, in which he pleaded payment of the note, and an amendment thereto in which he pleaded the invalidity thereof, because executed to cover a shortage of his son, who had embezzled appellant's funds, under a promise on the part of the officials of the bank that they would withhold the evidence of the crime and abstain from prosecuting his son therefor.

Appellant filed a reply, denying payment of the note, or that it was executed in consideration of an agreement by the officers of the bank to withhold the evidence and not prosecute appellee's son for said crime.

The cause was submitted upon the pleadings, the testimony introduced by the respective parties and instructions of the court, and resulted in a verdict for appellee, and the judgment dismissing appellant's complaint, from which is this appeal.

The testimony was conflicting upon the issue of payment and whether the note was given to compound a felony, and the court submitted the issues of fact to the jury for determination on three declarations of law applicable to the case, according to his view. The instructions were severally objected to by appellant, but it did not preserve its objection in its motion for a new trial to instruction No. 3A. Appellant now argues that instruction No. 3A was erroneous, and that the judgment should be reversed on that account. As the ruling of the court in giving instruction No. 3A was not given as one of the grounds for a motion for a new trial, we cannot consider the alleged error contained therein. *Prairie Creek Coal Mining Co.* v. *Kittrell,* 106 Ark. 138, 153 S. W. 89; *Patterson* v. *Rishe,* 143 Ark. 376, 221 S. W. 468.

The giving of instruction No. 2A by the court on its own motion and the refusal to give instruction No. 1, requested by appellant, both over the objection of appellant, was properly preserved in the motion for a new trial.

Appellant first contends for a reversal of the judgment on the ground that the court erred in giving instruction No. 2A, which is as follows:

"You will find for the plaintiff the amount sued for, less any payments, if any, that you find have been made, which are not credited on the note, unless you find from the preponderance of the testimony that the note was signed by the defendant under an agreement with the bank officials that his son would not be prosecuted by the bank officials for a felony."

It is argued that this instruction was vague, indefinite, and misleading, because it did not confine the felonies referred to therein to felonies growing out of misappropriation of appellant's funds by appellee's son. There is nothing in the evidence tending to reflect that any other felonies than those connected with the misappropriation of the bank's funds were committed by appellee's son. We do not think the jury could have been misled by the instruction. Even, however, if the note had been given for the purpose of compounding any felony, whether connected with the bank's business or not, it would have been void, hence no prejudice could have resulted to appellant by giving the instruction. Appellant requested the court to give its instruction No. 1, which was a parallel instruction to instruction No. 2A given by the court, and that request was even more vague and uncertain that the one given by the court. Instead of using the word "felony" it used the word "crime," which could include both misdemeanors and felonies, either growing out of the business of appellee's son with the bank or out of some independent transaction disconnected with the bank's business.

Instruction No. 1 requested by appellant is as follows:

"You are instructed that the mere fact, if you find it to be a fact, that the note sued on in this case was made by the defendant, N. B. Burrow, on account of a shortage to the plaintiff of Fred Burrow, that alone would not be a defense in this case, but you must further find

from a preponderance of the evidence in this case that the defendant, N. B. Burrow, signed the note in consideration of the plaintiff abstaining from any prosecution of Fred Burrow for a crime."

Appellant's further contention is that the judgment should be reversed because the verdict is not supported by sufficient evidence of a substantial nature. Appellee and his son both testified positively that the only consideration for giving the note was to compound the felony the son had committed in his capacity as cashier of appellant's bank. The testimony introduced by appellant was, in substance, an absolute denial that any of its officers promised to withhold the evidence of the crimes committed and to refrain from prosecuting appellee's son as a consideration for the note. Testimony introduced by appellee responsive to this issue was of a substantial nature, and is sufficient to support the verdict.

No error appearing, the judgment is affirmed.