HUTCHINS *v.* WARD.

4-5184 120 S. W. 2d 329.

Opinion delivered October 17, 1938.

894

*H. S. Bloodworth* and *C. T. Bloodworth,* for appellants.

*E. L. Holloway* and *W. A. Jackson,* for appellees.

HUMPHREYS, J. This is a suit in unlawful detainer of lot 21 in block 22 in the town of Corning, and was brought in the circuit court of Clay county, western district, by appellees against appellants on September 1, 1936, to recover possession of the property, unpaid rents at the rate of $75 a month, and for damages to the theater building on the lot and fixtures therein during the occupancy of appellants.

Appellants filed an answer in substance to the effect that they were occupying the property under an unexpired lease providing for a monthly rental of $50 per month which they had either paid or deposited in a bank for appellees, and denying that they had damaged the building or contents thereof, and alleged that they had sustained damages to their personal property in the building on account of a defective roof which appellees failed to repair and keep in repair.

On or about April 1, 1937, while the suit was pending, appellants vacated the premises and admitted the lease had expired, at which time an order of court was entered to the effect that the right of possession was settled, reserving to the parties the right to litigate, without prejudice, the time when the right of possession accrued to appellees and the questions of alleged damages to the building belonging to appellees, and to the personal property in said building belonging to appellants.

At the following November term of court the issues reserved were tried to a jury under instructions of the court resulting in a verdict and consequent judgment of $675 in favor of appellees upon the issue of rents due them, and a refusal to find damages in favor of either appellants or appellees from which appellants prayed an appeal and appellees prayed a cross-appeal.

Appellants criticise some of the instructions given by the court and argue that two or more of them were erroneous. Their objections and exceptions to them were not made grounds for setting aside the verdict and judgment in appellants' motion for a new trial. On careful examination of appellants' motion for a new trial, we find no reference whatever to the instructions given by the court of which they now complain, therefore, we cannot consider the objections they now make to them on this appeal. *Prairie Creek Coal Mining Company* v. *Kittrell,* 106 Ark. 138, 153 S. W. 89; *Patterson* v. *Risher,* 143 Ark. 376, 221 S. W. 468.

The rental contract or lease for the building was signed on March 22, 1933, by W. M. Ward, party of the first part and Lyle Richman and John Mohrstadt, parties of the second part. Although the lease was of date March 22, 1933, there seems to be no dispute in the testimony that the parties of the second part did not occupy and begin to pay rent until April 15, 1933.

The party of the first part died leaving his wife and children who are the appellees herein.

The party of the second part assigned the lease to Ann Hutchins and Gordon Hutchins who are the appellants herein. The lease was for one year with the privilege of renewal for one or two years at a rental of $50 per month.

At the expiration of one year appellees refused to extend or renew the lease, but appellants continued to occupy the premises and thereafter paid $12.50 per week for the use of same. About the first of July, 1936, appellees raised the rent to $75 a month and appellants refused to give it, and when appellees refused to accept less appellants deposited $50 a month in the bank to their credit, but appellees refused to accept the deposits, and this suit followed.

Appellees refused to extend the lease at the end of the first year and again at the end of three years, according to the undisputed testimony. Appellants remained in the building and continued to pay appellee $12.50 per week until the fifteenth of July, 1937, at which time ap-

pellees raised the rent to $75 a month and appellants refused to pay it. We do not think, as a matter of law, that because appellees accepted $12.50 per week after March 22, 1936, or after April 15, 1936, for a few months, the lease was automatically extended for another year or until March 22, 1937, or April 15, 1937. Appellees had positively refused to renew or extend the lease at the end of one year and again refused to extend it at the end of three years. The fact that appellees positively refused to extend the lease was a strong circumstance tending to show that thereafter appellants remained in the building as tenants by sufferance or tenants from month to month.

This and the other facts and circumstances appearing in the record made an issue for determination by the jury as to whether the appellants held over after the expiration of the lease under the terms of the lease or at the will of appellees, and that issue was submitted to the jury, and the finding of the jury was adverse to appellants' contention that they were holding over under the terms of the lease, and appellants are bound by the finding of the jury.

The evidence is conflicting as to the amount each was damaged growing out of the tenancy, whether at will or under the terms of the lease, and was also a question for determination by the jury. That issue was submitted to the jury, and it made no finding in favor of either appellants or appellees in any sum for damages, and the presumption must be indulged that the jury found that neither sustained damages or else that it offset the damages sustained by the ones against the others.

Appellants also contend that the court erred in permitting proof as to the rental value of said property. We think it was clearly admissible if the jury should find, as they did, that appellants held over at the will of appellees.

Appellees have set out three instructions on the question of damages, which were refused by the court, but it does not appear from their abstract that they excepted to the refusal of the court to give the instructions, and, having failed to except to the refusal of the court to give

them, we cannot consider them on this appeal under the rule announced in the cases cited above.

No error appearing, the judgment is affirmed.